NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAWASAKI KISEN KAISHA, LTD. and YANG MING MARINE TRANSPORT CORPORATION : : : Plaintiffs, : : v. : : MAHER TERMINALS LLC, : : Defendant : : | Civil Action No. 12-6178 (SRC)  OPINION |

**CHESLER,** District Judge

This matter comes before the Court on Plaintiffs Kawasaki Kisen Kaisha and Yang Ming Marine Transport Corporation's ("Plaintiffs") Motion for Reconsideration of the Order staying this action pending the termination of parallel proceedings before the Federal Maritime Commission ("FMC"). (Docket No. 28) For the reasons stated below, the motion will be denied.

I.  BACKGROUND AND PROCEDURAL HISTORY

In August 2011, Plaintiffs filed a claim with the FMC, China Shipping Container Lines Co., LTD, et. al. v. The Port Authority of New York and New Jersey (FMC Docket No. 11-12), over whether the Port Authority of New York and New Jersey ("Port Authority") violated the Shipping Act of 1984, 46 U.S.C. §§ 41102(c), 41106(2), by forcing Defendant, a stevedoring company, to collect a new facilities charge from Plaintiffs. (Transcript of Oral Argument at 4, 28-29, Mar. 4, 2013 (Docket No. 27))

On October 2, 2012, Plaintiffs filed the instant action. (Docket No. 1) Defendant then moved to dismiss the Complaint. (Docket No. 13) The dispute between the parties centers on whether the facilities charge the Port Authority enacted and then required Defendant to collect is a valid charge, and whether it is an anticipatory breach of contract for Defendant to plan on denying Plaintiffs the terminal services granted under the contract between the parties until and unless Plaintiffs pay the facilities charge. (Compl. ¶ 31-34; Tr. 33)

At the oral argument held on March 4, 2013, the Court denied Defendant's Motion to Dismiss and ordered a stay of proceedings pending resolution of Plaintiffs' claim before the FMC. (Docket No. 26) On March 20, 2013, Plaintiffs filed a Motion for Reconsideration. (Docket No. 28-1)

II.  DISCUSSION

A. Standard of Review

Motions for reconsideration are governed by Local Civil Rule 7.1(i), which permits reconsideration only when "dispositive factual matters or controlling decisions of law" were presented to the Court but were overlooked. See Khair v. Campbell Soup Co.. 893 F.Supp. 316, 337 (D.N.J. 1995).  Furthermore, the Third Circuit has set a high standard for reconsideration, stating that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Reconsideration pursuant to Rule 7.1(i) is "an extraordinary remedy," not a means by which to get a second chance to argue once the Court has made its analysis clear. See Chiniewicz v. Henderson, 202 F.Supp.2d 332, 334 (D.N.J. 2002) ("a motion for reconsideration is not a vehicle to reargue the motion"); NL Indus. Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513,

516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment").

Accordingly, for a motion for reconsideration to be successful, it must show at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided] the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999).

### B. Plaintiff's Motion for Reconsideration

Plaintiffs have failed to meet the high standard governing motions for reconsideration. Plaintiffs do not allege any change in controlling legal authority, nor do they argue that any previously unavailable evidence has come to light. Instead, Plaintiffs argument relies on what they perceive as errors in this Court's legal analysis.

First, Plaintiffs assert that the Court made errors of law and fact. Plaintiff argues that (1) Maher does not have to enforce the Port Authority's facilities charge, (2) Maher has no guaranty obligation, and (3) the Port Rate Schedule cannot nullify Maher's contract obligations. (Pl. Br. for Reconsideration at 3-8) However, as the Court stated in the March 4, 2013, hearing, all of those arguments relate to the question before the FMC – whether the Port Authority's facilities charge is a proper regulation and whether it is within the bounds of their authority to mandate that stevedoring companies collect that charge. (Tr. 32-34) The issue at hand centers on whether or not the facilities charge is valid and, if so, whether it constitutes a government regulation that would trump Maher's duties under the contract with Plaintiffs. (Tr. 31-32; Pl. Br. for Reconsideration at 5-8). Plaintiffs have not presented any new evidence or law to sway the Court from its prior determination that it is prudent to wait for the FMC to weigh in first. (Tr. 32) Nor

have Plaintiffs provided any evidence showing that the Court has made an error of fact or law in making its ruling. A mere rehashing of prior arguments is not sufficient to grant reconsideration. Chiniewicz, 202 F.Supp.2d at 334.

Second, Plaintiffs assert that they were blindsided by the stay request and did not have appropriate time to prepare evidence to oppose it. (Pl. Br. for Reconsideration at 13) However, that is not the case. Defendant's Motion to Dismiss (Docket No. 13) argues at length for a stay of proceedings until the FMC has made its ruling. Furthermore, Plaintiffs' own Brief in Opposition to Defendant's Motion to Dismiss expressly addresses and argues against the proposed stay. (Docket No. 21) Thus, Plaintiffs cannot now assert that they were blindsided by the stay request in the March 4, 2013, oral argument before this Court.

As discussed above, it is well settled that a motion for reconsideration is neither a tool for rearguing that which has already been duly considered nor an appeal from a decision which the moving party finds inconvenient. While it is clear that Plaintiffs disagree with the Court's March 4, 2013, decision, Plaintiffs have failed to present either material evidence or law that was previously unavailable, nor have Plaintiffs shown that this Court has made a clear error of law or fact that must be corrected to prevent gross injustice. See Max's Seafood Cafe, 176 F.3d at 677-78; Harsco, 779 F.2d at 909. Thus, Plaintiffs have failed to meet their burden for a successful motion for reconsideration.

### III. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Reconsideration will be denied. An appropriate order accompanies this Opinion.

                                                    s/Stanley R. Chesler
                                                  STANLEY R. CHESLER
                                                  United States District Judge

Dated: May 13, 2013